■ In the Matter of the CITY OF ROCHESTER, Appellant, Relative to Acquiring Title to Real Property for an Urban Renewal Project, Known as GENESEE CROSSROADS. DOROTHY H. LANNI, Respondent.— Judgment unanimously modified on the law and facts in accordance with the memorandum

herein, and as so modified affirmed, without costs. Memorandum: The court's valuation of the buildings being supported only by the owner's cost approach appraisal and being greater than the amount of the economic appraisal of either party, it must be reduced. (*Matter of City of Rochester* [Genesee Cross-roads-Morris], 32 A D 2d 882; *Evans* v. *State of New York*, 31 A D 2d 565; *Guthmiller* v. *State of New York*, 23 A D 2d 597.) All of the building except the sub-basement and parts of the basement was occupied by tenants on the appropriation date and the rental value used in the city's appraisal is based in part on the actual rents. Both appraisers testified that the amount of actual rents was adversely affected by the cloud of condemnation; that the pending taking of the area property for the Genesee Crossroad Urban Renewal Project was publicly known in 1960 and since then such information has had an effect on the value of rents and properties in the area and that ordinarily owners lowered their rents to keep their tenants. We find that the circumstances and conditions shown by the evidence justify giving little weight to the amount of actual rents in determining rental value of the property. Considering evidence of a general increase in real property rents, the evidence of comparable rents ranging from $.55 to $1.33 per square foot and the undisputed testimony of the owner's appraiser that the property renting for $1.33 per square foot was the nearest to the subject property, and was similarly equipped and used, both properties being rented to firms engaged in the printing business, and considering also the amount of actual rents being paid on the appropriation date we make the following findings: Fair annual gross income, basement 2,600 square feet at $.80 = $2,080; first floor 2,600 square feet at $1.30 = $3,380; second floor 2,600 square feet at $1.20 = $3,120; third floor 2,600 square feet at $1.10 = $2,860. Total gross rental $11,440, less allowance for vacancies $572, taxes $1,425, insurance $250, heat and electricity $2,000, management $543, water $600, maintenance $1,000, total deductions $6,390, net income $5,050, less return to land $18,787.50 at 6% $1,127 = $3,923 capitalized at 12% = $32,691.66 plus land value $18,787.50 = $51,479.16. The judgment should be modified by reducing the total damages from $58,914.04 to $51,479.16 and by reducing the extra allowance from $2,945.70 to $2,573.95. (Appeal from judgment of Monroe Trial Term, in condemnation proceeding.) Present — Del Vecchio, J. P., Marsh, Witmer, Gabrielli and Henry, JJ.